*(handwritten in left margin:)* Given Trademark Form

1  **KRONENBERGER BURGOYNE, LLP**
2  Karl S. Kronenberger (Bar No. 226112)
   Jeffrey M. Rosenfeld (Bar No. 222187)
3  150 Post Street, Suite 520
   San Francisco, CA 94108
4  Telephone:  (415) 955-1155
   Facsimile:  (415) 955-1158
   karl@kronenbergerlaw.com
5  jeff@kronenbergerlaw.com

6  Attorneys for Plaintiff LD Products, Inc.

7

8

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  **LD PRODUCTS, INC. a California**          Case No.  **CV09-00902 JFW (Ex)**
    **corporation,**
13
                                                **COMPLAINT FOR: (1)**
14                **Plaintiff,**                **INFRINGEMENT OF A**
                                                **REGISTERED TRADEMARK, (2)**
15       vs.                                    **FALSE DESIGNATION OF**
                                                **ORIGIN, (3) DILUTION OF A**
16  **SIMON MOYENZADEH, an**                    **REGISTERED TRADEMARK, (4)**
    **individual, dba COMPUTER**               **COPYRIGHT INFRINGEMENT,**
17  **BROS. dba ASSOCIATED**                    **(5) UNFAIR COMPETITION, AND**
    **JEWELERS SERVICE, and Does**            **(6) FALSE ADVERTISING**
18  **1-10,**

19                **Defendants.**               **DEMAND FOR JURY TRIAL**

20
                                                **BY FAX**
21

22

23

24

25

26

27

28

*(left vertical margin:)* KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.kronenbergerlaw.com

                                    **COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

## INTRODUCTION

1.     Plaintiff, LD Products, Inc. ("Plaintiff") is a leading provider of branded discount printer ink and toner products for virtually every inkjet and laser printer on the market.

2.     Plaintiff owns several active federal trademark registrations, including LD PRODUCTS, LD, and 4INKJETS, which it uses in connection with the sale of its printer ink, toner, and other computer related products.

3.     In addition to operating its own proprietary Internet website—through which it sells its branded products—Plaintiff also sells its branded products through Amazon.com, Inc.'s Marketplace (the "Amazon Marketplace").

4.     The Amazon Marketplace enables third parties—such as Plaintiff—to sell their goods alongside Amazon's offerings.

5.     The Amazon Marketplace also enables such third parties to display descriptions of their products, along with their trademarks and images of the products.

6.     Plaintiff has listed thousands of LD Products-branded products within the Amazon Marketplace.   In doing so, Plaintiff has uploaded thousands of product descriptions containing Plaintiff's trademarks and containing copyrighted images of Plaintiff's branded products.

7.     The Amazon Marketplace also permits third parties who have a new or used product that is identical to a product already listed in the Amazon Marketplace to sell that product alongside the original product listing.  Amazon allows such activity through the use of a button that says, "Have one to sell?  Sell yours here."

8.     Defendant, with an intent to profit from consumer confusion, has listed numerous products, which are different from Plaintiff's products, under Plaintiff's listings on the Amazon Marketplace, creating the deception

**COMPLAINT**

1  that Defendant is selling Plaintiff's products, when in fact it is selling
2  different and counterfeit products, manufactured by a different company.

3      9.      Defendant uses Plaintiff's registered trademarks and registered
4  copyrighted images to sell its products on the Amazon Marketplace, relying
5  on consumer confusion between Defendant's products on the one hand,
6  and Plaintiff, Plaintiff's products, and Plaintiff's trademarks on the other
7  hand.

8      10.     As a result of Defendant's misconduct, Plaintiff has suffered
9  substantial damages.

10                          **JURISDICTION**

11     11.     This is a civil action arising under the trademark, unfair
12  competition, and copyright laws of the United States.   This Court has
13  subject matter jurisdiction over this case pursuant to 15 U.S.C. §1121, 28
14  U.S.C. §1338, and 28 U.S.C. §1331.

15     12.     This Court has jurisdiction over the state law claims under 28
16  U.S.C. §1367 because the state law claims are so related to the federal
17  claims that they form part of the same case or controversy and arise from a
18  common nucleus of operative facts.

19     13.     This Court also has supplemental jurisdiction over the state
20  unfair competition and associated claims pursuant to 28 U.S.C. §1338(b)
21  because said claims are joined with a substantial and related claim arising
22  under the trademark and copyright laws of the United States.

23     14.     This Court has personal jurisdiction over Defendant because,
24  on information and belief, Defendant is a resident of California, and
25  because the harm was felt in California and consumer confusion has
26  resulted in California.

27  //

28  //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

**VENUE**

15.    Venue is proper under 28 U.S.C. §§1391(b) and 1391(c).  On information and belief, Defendant resides in the District.  Moreover, a substantial part of the events giving rise to the action occurred in the District, as:  (a) The trademark and copyright owner, Plaintiff, is located in this District; (b) Defendant's infringing product listings were accessible in this District through Amazon's interactive website, and were directed at customers located in this District; (d) residents of the District were confused by Defendant's infringing advertisements, and some of such customers in the District purchased Defendant's products under the mistaken belief that such products were Plaintiff's products; (e) Defendant's acts are likely to cause additional confusion in the District; and (f) the harm suffered by Plaintiff was and is felt primarily in the District.

**PARTIES**

16.    Plaintiff is a California corporation with its principal place of business located at 2500 Grand Ave., Long Beach, CA 90815.  Using its LD PRODUCTS and 4INKJETS trademarks, Plaintiff manufactures and sells a variety of high quality printer ink, toner, and other computer related products.  Plaintiff sells and distributes its products throughout the United States—and internationally—and does substantial business in the Central District of California.  Plaintiff markets and sells its products through its interactive websites, located at www.ldproducts.com and www.4inkjets.com.  Plaintiff also markets and sells its products through the Amazon Marketplace.

17.    On information and belief, Defendant Simon Moyenzadeh is an individual residing in Los Angeles, California, who conducts business under the names Computer Bros. and Associated Jewelers Service.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

3

**COMPLAINT**

18.   Plaintiff is uncertain of the true names and capacities of those defendants sued by the fictitious names Does 1 through 10, who also are responsible and liable for the injuries alleged in this Complaint and who proximately caused damage to Plaintiff.  Plaintiff will amend this Complaint to add the true names and capacities of the Does when they become known.

**FACTS GIVING RISE TO CLAIMS FOR RELIEF**

**<u>Plaintiff and Plaintiff's Products and Services</u>**

19.   Plaintiff is a leading manufacturer and seller of branded discount printer ink and toner products for virtually every inkjet and laser printer on the market.

20.   Plaintiff owns several active federal trademark registrations, which it uses in connection with the sale of its self-branded printer ink, toner, and other computer related accessories (collectively, the "Products").

21.   These trademarks include:

- LD PRODUCTS (U.S. Trademark Registration No. 3306070) for use in connection with online retail store services featuring inkjets, laser toners, and computer related accessories, including paper, electronic media, and camera cards (first used by Plaintiff in commerce in June 2006).

- LD PRODUCTS (U.S. Trademark Registration No. 3492006) for use in connection with ink cartridges for printers and toner cartridges (first used by Plaintiff in commerce in October 2007).

- LD (U.S. Trademark Registration No. 3306069) for use in connection with online retail store services featuring inkjets, laser toners, and computer related accessories, including paper, electronic media, and camera cards (first used by Plaintiff in commerce in June 2006).

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

- LD (U.S. Trademark Registration No. 3492005) for use in connection with ink cartridges for printers and toner cartridges (first used by Plaintiff in commerce in October 2007).
- 4INKJETS (U.S. Trademark Registration No. 2998115) for use in connection with online retail store services featuring inkjets, laser toners, and computer related accessories, including paper, electronic media, and camera cards (first used by Plaintiff in commerce in November 1999). (collectively, the "Trademarks")

22.   Printouts of the registrations for Plaintiff's Trademarks from the United States Patent and Trademark Office's Trademark Electronic Search System are attached hereto as Exhibit A.

23.   Plaintiff affixes these Trademarks to its Products, its Product packaging, and its marketing materials.

24.   Plaintiff has devoted extensive time, effort and resources into promoting, advertising, and marketing its Products in connection with the Trademarks, including, among other things, by engaging in aggressive marketing and advertising involving a variety of media.  As a direct result of these efforts and the increasing recognition of the Trademarks among consumers, Plaintiff has enjoyed tremendous growth since its inception in 1999 to its $30 million in sales last year of its Products.

25.   The distinction and secondary meaning of the Trademarks are further evidenced by extensive unsolicited media coverage.  Over the past seven years, Plaintiff has consistently received high user ratings and multiple awards recognizing its dedication to high quality customer service, including the *Bizrate Platinum Circle of Excellence for Customer Service* and the *Yahoo! 5 Star merchant certification*.  Plaintiff was also recognized

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

multiple times by the *Internet Retailer*, in the Top 400 Retail Websites (#288) and Top 500 Guide to Retail Web Sites (#285).

26.   Plaintiff only engages in direct-to-consumer sales.   Plaintiff does not sell its Products to distributors, wholesalers, or retailers for resale of Plaintiff's Products to end-consumers.

27.   Plaintiff sells its Products on its proprietary Internet websites located at www.ldproducts.com and www.4inkjets.com (collectively, "Plaintiff's Websites").   Plaintiff's Websites prominently display Plaintiff's Trademarks.   Plaintiff's Websites also prominently display images of Plaintiff's Products.

28.   Plaintiff owns an active federal copyright registration covering Plaintiff's Websites, including all of the photographs and text contained therein (U.S. Copyright Registration TX 6-523-456; published April 2006, attached hereby as Exhibit B) (the "Copyright").   The Copyright covers the numerous original photographs of Plaintiff's Products, which appear on its Websites.   Plaintiff has engaged in considerable effort and expense to create these original images in order to exemplify the functionality and sleekness of its products.

29.   Plaintiff has devoted considerable time and resources into developing its high quality and durable Products, including through the rigorous screening of manufacturing partners and the adoption and enforcement of strict quality standards.   Plaintiff requires the use of ISO9001-certified factories to manufacture its products.   Plaintiff uses high quality toner, ink, seals, drums, and electronics within its Products, which contribute to a superior end-product.   Plaintiff engages in considerable post-manufacturing Product testing to ensure the superior performance of its Products.   Plaintiff also requires its manufacturing partners to employ

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

high-end packaging materials, which include air bags and foam caps to ensure that its Products are not damaged during shipping.

30.   As a result, Plaintiff and its Products are looked at among the best in the industry, and Plaintiff has generated substantial goodwill for itself, its Trademarks, and its Products and services.

31.   Plaintiff's Trademarks and Products enjoy an excellent reputation.  Plaintiff's Trademarks designate high quality products that have undergone intensive design, development, and quality assurance processes.  As a result, Plaintiff's Trademarks have gained significant value in the marketplace.

32.   In fact, Plaintiff's extensive use and promotion of its Trademarks have made these marks well known and famous, identifying and distinguishing products and services emanating from and symbolizing Plaintiff.

33.   By comparison, many of Plaintiff's competitors do not adhere to Plaintiff's standards for the manufacture of high-quality and durable ink and toner products, resulting in a higher likelihood of malfunction and the degradation in printing quality.

### Plaintiff's Use of the Amazon Marketplace

34.   The Amazon Marketplace is an online service offered by Amazon.com, which enables third parties—such as Plaintiff—to sell their goods alongside Amazon.com's own offerings.

35.   The Amazon Marketplace also permits third parties who have a new or used product that is underlined to a product listed in the Amazon Marketplace to sell such new or used product alongside the original product listing.  Amazon allows such activity through the use of a button that says, "*Have one to sell?  Sell yours here*."

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

36.   Stated differently, there are two ways to sell a product in the Amazon Marketplace.  First, a merchant can create a new listing for a product by inputting data into a new product detail page, which can display an image of the product, the product's name and trademarks, the product's manufacturer, and a description of the product's features.  Second, a merchant with a particular product to sell can locate that identical product already for sale in the Amazon Marketplace.  Thereafter, the merchant lists its product (which is often a used or refurbished item) using the existing photograph and text description that is already in the Amazon Marketplace.  Consumers may then choose between the new, used, and refurbished products listed on that particular product detail page.

37.   Before any party is able to sell goods on the Amazon Marketplace, it must agree to the Amazon Marketplace Participation Agreement (the "Participation Agreement").

38.   Among other things, the Participation Agreement prohibits sellers from listing a product under a product detail page that does not precisely describe the product.  The Participation Agreement also requires all products to be fully licensed and to constitute authorized versions.

39.   While the sale of goods listed on the Amazon Marketplace is ultimately between the consumer and the third party, Amazon.com facilitates the transaction and charges a commission for its services.

40.   Consumers who use the Amazon Marketplace can leave feedback regarding the third party and its goods.  This feedback then appears on the Amazon Marketplace.  The Amazon Marketplace employs a five star rating system, and negative feedback—for instance, because a product is old, defective, or expensive—can negatively affect the third party seller's feedback rating, and cause serious consequences, such as discouraging other consumers to purchase goods from that third party.

**COMPLAINT**

41.   Beginning in October of 2007, Plaintiff began selling its 4INKJETS-branded Products on the Amazon Marketplace.

42.   Because none of Plaintiff's Products had previously been sold on the Amazon Marketplace, Plaintiff created new product detail pages for each of its thousands of Products it wished to sell on the Amazon Marketplace.

43.   To create the product detail pages, Plaintiff uploaded its copyrighted images of its various Products to the Amazon Marketplace. Plaintiff also entered its Trademarks (4INKJETS, LD, and LD PRODUCTS), along with a description of each specific Product.

44.   Once completed, the product detail page for each Product displayed: an image of the Product, the name of the Product, Plaintiff's Trademarks, and a description of the Product.  A copy of a product detail page for one of Plaintiff's Products is attached hereto as Exhibit C, and incorporated herein by reference.

45.   Among other things, each product detail page for Plaintiff's Products contains a Product description in the nature of:

> We guarantee that you will get the same quality printouts as
> your brand inkjet cartridges or your money back. Why pay
> double for a brand name cartridge? The 4INKJETS cartridges
> are a great way to save money and stock up! For use in the
> following printers: . . . 4INKJETS is the exclusive reseller of LD
> Products brand of high quality printing supplies on Amazon.

46.   Plaintiff initially enjoyed substantial sales of its Products through the Amazon Marketplace.  However, after January 2008, Plaintiff noticed a rapid decrease in these sales.

47.   When Plaintiff investigated what was causing the decrease in its Amazon Marketplace sales it learned that another third party seller was

COMPLAINT

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1   purportedly selling Plaintiff's Products under many of Plaintiff's product

2   detail pages on the Amazon Marketplace.  These listings were immediately

3   suspect because Plaintiff does not distribute its Products to wholesalers,

4   distributors, or resellers.  As a result, any of Plaintiff's Products for sale on

5   the Amazon Marketplace by parties other than Plaintiff are almost certainly

6   counterfeits.

7         48.   Upon further investigation, Plaintiff became aware that this third

8   party seller was not actually selling Plaintiff's Products, even though such

9   third party advertised it products as Plaintiff's Products on the Amazon

10   Marketplace.   Rather, the third party seller was selling new, used, and

11   refurbished versions of competitors' products.

12                          **DEFENDANT'S MISCONDUCT**

13         49.   On information and belief, Defendant sells printer ink and toner

14   products on the Amazon Marketplace and is a competitor of Plaintiff.

15         50.   On information and belief, Defendant recognized the goodwill

16   associated with Plaintiff, its Products, and its Trademarks.

17         51.   On information and belief, in an effort to capitalize on Plaintiff's

18   goodwill, Defendant has listed—and continues to list—various printer ink

19   and toner products under the product detail pages for Plaintiff's Products

20   on the Amazon Marketplace (collectively, "Defendant's Products").

21         52.   The product detail pages under which Defendant listed its

22   products displayed Plaintiff's Trademarks.

23         53.   The product detail pages under which Defendant listed its

24   products displayed copyrighted images of Plaintiff's Products.

25         54.   On information and belief, in an effort to capitalize on Plaintiff's

26   goodwill, Defendant electronically copied and reproduced Plaintiff's

27   copyrighted images that Plaintiff had uploaded to the Amazon Marketplace.

28   On information and belief, Defendant transmitted these copyrighted images

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    to Defendant's customers during routine correspondence in an effort to

2    describe the products that the customers had purchased.

3         55.   On information and belief, Defendant's Products are not

4    manufactured by Plaintiff and are not versions of Plaintiff's Products.

5         56.   On information and belief, Defendant's Products are inferior in

6    quality to Plaintiff's Products, and are more susceptible to malfunction and

7    degradation in printing quality.   While Defendant's Products may be

8    compatible with the same printers as Plaintiff's Products, they are not the

9    same products.   Plaintiff has no involvement in the design, manufacture,

10    testing, or quality assurance of Defendant's Products.

11         57.   On information and belief, consumers who view the product

12    detail pages for Plaintiff's Products on the Amazon Marketplace believe

13    that these pages refer solely to Plaintiff's Products.   These product detail

14    pages show an image of Plaintiff's Product and define Plaintiff as the

15    manufacturer of the Product.   There is no indication on the detail pages for

16    Plaintiff's Products that the products listed by Defendant are not

17    manufactured by Plaintiff.   To the contrary, every reference on these

18    product detail pages indicates that the products listed by Defendant are

19    exclusively Plaintiff's Products.

20         58.   On information and belief, as a result of listing its products on

21    the Amazon Marketplace description pages for Plaintiff's Products,

22    Defendant has sold many of its products throughout the United States.

23         59.   On information and belief consumers who purchased

24    Defendant's Products from the Amazon Marketplace intended to purchase

25    Plaintiff's Products.

26         60.   On information and belief, by listing its products on the product

27    detail pages for Plaintiff's Products, Defendant has caused actual

28    consumer confusion as to the source, sponsorship, affiliation, and

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

1  connection between Defendant and Defendant's Products on the one hand,

2  and Plaintiff, Plaintiff's Products, and Plaintiff's Trademarks on the other

3  hand.

4      61.   On information and belief, consumers who purchase and

5  receive Defendant's Products attribute the source of those products to

6  Plaintiff.  Because Defendant's Products are inferior in quality to Plaintiff's

7  Products, consumers are often dissatisfied with Defendant's Products, but

8  attribute that dissatisfaction to Plaintiff.

9  **FIRST CLAIM**

10  **Federal Infringement of a Registered Trademark—15 U.S.C. §1114**

11      62.   Plaintiff re-alleges and incorporates by reference each and

12  every allegation set forth in paragraphs 1 through 60.

13      63.   Plaintiff is the registrant of the following active United States

14  Trademark Registrations:

15      • LD PRODUCTS (U.S. Trademark Registration No. 3306070);

16      • LD PRODUCTS (U.S. Trademark Registration No. 3492006);

17      • LD (U.S. Trademark Registration No. 3306069);

18      • LD (U.S. Trademark Registration No. 3492005);

19      • 4INKJETS (U.S. Trademark Registration No. 2998115).

20      64.   Plaintiff has marketed and promoted its Products under its

21  Trademarks.  Plaintiff's rights in its Trademarks are prior to any rights

22  Defendant could claim in these marks or any confusingly similar marks, and

23  Plaintiff's rights are superior to those of Defendant.

24      65.   As a result of Plaintiff's marketing and promotion, Plaintiff's

25  Trademarks as used in connection with its Products, have come to signify

26  Plaintiff as the source of its Products as well as the high quality and

27  durability of Plaintiff's Products.

28  //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

66.   Without the consent of the Plaintiff, Defendant listed and sold its products on the Amazon Marketplace, under the product detail pages for Plaintiff's Products.

67.   By listing and selling its products on the Amazon Marketplace product detail pages for Plaintiff's Products, Defendant has used in interstate commerce a reproduction, counterfeit, copy, and/or colorable imitation of Plaintiff's Trademarks in connection with the sale, offering for sale, distribution, and advertising of Defendant's Products in violation of 15 U.S.C. §1114(a).

68.   By listing and selling its products on the Amazon Marketplace product detail pages for Plaintiff's Products, Defendant has reproduced, counterfeited, copied, and/or imitated Plaintiff's Trademarks, and has applied such reproductions, counterfeits, copies, and/or colorable imitation to labels, signs, and/or advertisements intended to be used in interstate commerce upon or in connection with the sale, offering for sale, distribution, or advertising of Defendant's Products in violation of 15 U.S.C. §1114(b).

69.   On information and belief, by listing and selling its products on the Amazon Marketplace description pages for Plaintiff's Products, Defendant has caused actual consumer confusion and mistake, and is likely to cause further consumer confusion and mistake about the association between Defendant's Products on the one hand, and Plaintiff, Plaintiff's Products, and Plaintiff's Trademarks on the other hand, in violation of 15 U.S.C. §§1114(a) and (b).

70.   As a result of listing its products on Amazon Marketplace product detail pages for Plaintiff's Products, Defendant has used spurious designations for its products that are identical with, or substantially

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

indistinguishable from Plaintiff's Trademarks, in violation of 15 U.S.C. §§1114 and 1116(d)(B).

71.   On information and belief, Defendant willfully engaged in the above-referenced misconduct with knowledge that such misconduct was intended to cause consumer confusion, or to cause consumer mistake, or to deceive consumers.  Defendant has engaged in this misconduct for the willful and calculated purpose of misleading and deceiving consumers with the intent to reap the benefit of the goodwill associated with Plaintiff's Trademarks and Products, in violation of 15 U.S.C. §§1114 and 1117.

72.   By reason of Defendant's infringement of Plaintiff's Trademarks, Plaintiff has suffered, and continues to suffer, substantial damage to its business reputation and goodwill, as well as the diversion of trade and loss of profits in an amount not yet ascertained.  Plaintiff is entitled to treble damages in an amount that will be determined according to proof pursuant to 15 U.S.C. §1117(b), or in the alternative, to statutory damages of $1,000,000 per counterfeit mark per good, pursuant to 15 U.S.C. §1117(c)(2).

73.   Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

74.   Defendant's misconduct as alleged above has caused and will continue to cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law in that: a) if Defendant's wrongful conduct continues, consumers are more and more likely to become further confused as to the source of Plaintiff's and Defendant's Products; b) Plaintiff's Trademarks are unique and valuable properties, which have no readily determinable market value; c) the infringement by Defendant constitutes an interference with Plaintiff's goodwill and relationship with consumers; and d) Defendant's misconduct, and the damages resulting to

**COMPLAINT**

1  Plaintiff, are ongoing.  Plaintiff is entitled to injunctive relief pursuant to 15
2  U.S.C. §1116(a).

3  **SECOND CLAIM**

4  **Federal False Designation of Origin—15 U.S.C. §1125**

5  75.   Plaintiff re-alleges and incorporates by reference each and
6  every allegation set forth in paragraphs 1 through 73.

7  76.   Plaintiff has marketed and promoted its Products under its
8  Trademarks, and as a result, has developed rights in its Trademarks that
9  are prior to and superior to any rights Defendant could claim.

10  77.   As a result of Plaintiff's marketing and promotion, Plaintiff's
11  Trademarks as used in connection with its Products, have come to signify
12  Plaintiff as the source of its Products as well as the high quality and
13  durability of Plaintiff's Products.

14  78.   Without the consent of the Plaintiff, Defendant listed and sold
15  its products on the Amazon Marketplace product detail pages for Plaintiff's
16  Products.

17  79.   By listing and selling its products on the Amazon Marketplace
18  product detail pages for Plaintiff's Products, Defendant has used in
19  interstate commerce Plaintiff's Trademarks in connection with Defendant's
20  Products, and such use has caused—and is likely to continue to cause—
21  consumer confusion, or consumer mistake, and/or to deceive consumers
22  as to the affiliation, connection or association between Defendant's
23  Products on the one hand, and Plaintiff, Plaintiff's Products, and Plaintiff's
24  Trademarks on the other hand, in violation of 15 U.S.C. §1125(a).

25  80.   By reason of Defendant's acts of false designation, description,
26  and representation as alleged above, Plaintiff has suffered, and continues
27  to suffer, substantial damage to its business reputation and goodwill, as
28  well as the diversion of trade and loss of profits in an amount not yet

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

ascertained.  Plaintiff is entitled to treble damages in an amount that will be determined according to proof pursuant to 15 U.S.C. §1117.

81.   Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## THIRD CLAIM

### Federal Trademark Dilution—15 U.S.C. §1125(c)

82.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 80.

83.   Plaintiff has marketed and promoted its Products under its Trademarks, and as a result, has developed rights in its Trademarks that are prior to and superior to any rights Defendant could claim.

84.   As a result of Plaintiff's long and extensive use of its Trademarks, Plaintiff's development of high quality and durable products offered in connection with its Trademarks, and the considerable goodwill that has accrued to Plaintiff as a consequence, Plaintiff's Trademarks have acquired substantial distinctiveness and public recognition, and constitute famous marks, as that term is used in 15 U.S.C. §1125(c).

85.   Plaintiff's Trademarks became famous prior to Defendant's misuse of Plaintiff's Trademarks alleged above.

86.   Without the consent of the Plaintiff, Defendant listed and sold its products on the Amazon Marketplace product detail pages for Plaintiff's Products.

87.   By listing and selling its products on the Amazon Marketplace product detail pages for Plaintiff's Products, Defendant has caused dilution to the distinctive quality of Plaintiff's Trademarks, in violation of 15 U.S.C. §1125(c).

88.   On information and belief, Defendant willfully engaged in the above-referenced conduct with the intent to trade on Plaintiff's reputation

and to cause dilution to Plaintiff's famous Trademarks, in violation of 15 U.S.C. §1125(c)(2).

89.   By reason of Defendant's acts of dilution as alleged above, Plaintiff has suffered, and continues to suffer, substantial damage to its business reputation and goodwill in an amount not yet ascertained, pursuant to 15 U.S.C. §1117(a).

90.   Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## FOURTH CLAIM

## Federal Copyright Infringement—17 U.S.C. §501

91.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 89.

92.   Plaintiff is the owner of a United States Copyright Registration: U.S. Copyright Registration TX 6-523-456, published in April 2006.

93.   Plaintiff's Copyright covers Plaintiff's Websites, and includes all of the original photographs of Plaintiff's Products contained on the Websites.

94.   On information and belief, after Plaintiff published its copyrighted Websites, Defendant reproduced, prepared derivative works of, and distributed to others copyrighted images of Plaintiff's Products, which Plaintiff had uploaded to the Amazon Marketplace, and which are covered by Plaintiff's Copyright, in violation of 17 U.S.C. §501.

95.   On information and belief, Defendant willfully engaged in the above-referenced copyright infringement with the intent to steal Plaintiff's copyrighted materials in order to trade on Plaintiff's reputation.

96.   By reason of Defendant's acts of copyright infringement as alleged above, Plaintiff has suffered actual damages in an amount not yet ascertained.   As a result of Defendant's acts of copyright infringement

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

alleged above, Defendant has enjoyed wrongful profits in an amount not yet ascertained.  Plaintiff is entitled to recover its actual damages it has suffered as a result of Defendant's copyright infringement as well as Defendant's wrongful profits pursuant to 17 U.S.C. §504(b), or in the alternative, to statutory damages of $150,000, pursuant to 17 U.S.C. §504(c).

97.   Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 US.C. §505.

## FIFTH CLAIM

## Unfair Competition—California Bus. & Prof. C. §17200

98.   Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 96.

99.   The acts and conduct of Defendant as alleged above in this Complaint constitute unlawful, unfair and/or fraudulent business acts or practices, in violation of California Business and Professions Code Section 17200.

100.  Defendant's acts of unfair competition have proximately caused and will continue to cause Plaintiff to suffer injury in fact and loss of money and/or property in an amount to be proved at trial.

101.  Defendant's acts of unfair competition also have caused and are causing irreparable and incalculable injury to Plaintiff and to Plaintiff's Trademarks and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby Plaintiff has no adequate remedy at law.

## SIXTH CLAIM

## False Advertising—California Bus. & Prof. C. §17500

102.  Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 101.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

103.  On information and belief, in engaging in the misconduct described above, Defendant has published statements concerning Defendant's products, which are untrue and/or misleading, including, but not limited to, Defendant's use of marks in connection with its products that indicate an affiliation with Plaintiff, Plaintiff's Products, and Plaintiff's Trademarks, which Defendant knows, or upon the exercise of reasonable care should know, are untrue and/or misleading.

104.  Defendant made these false statements in an effort to sell, offer to sell, or induce the public to purchase Defendant's Products.

105.  Through the misconduct described above, Defendant has engaged in and is engaging in false advertising in violation of California Business and Professions Code Section 17500.

106.  On information and belief, Defendant has proceeded and is proceeding willfully with its acts of false advertising.

107.  Defendant's false advertisements have proximately caused and will continue to cause Plaintiff to suffer injury in fact and loss of money and/or property in an amount to be proved at trial.

108.  On information and belief, Defendant's acts of false advertising have resulted in substantial, but wrongful, profits to Defendant, to which Defendant is not entitled.

109.  If Defendant is permitted to continue engaging in the acts of false advertising described above, Plaintiff will sustain serious and irreparable injury.  Unless preliminarily and permanently enjoined by this Court, there is a substantial possibility and threat of ongoing false advertisements by Defendant for which Plaintiff is without adequate remedy at law.

110.  In addition, Defendant's acts, if allowed to continue, will continue to cause sales of Plaintiff's products to be lost and/or diverted to

19

**COMPLAINT**

Defendant and may require Plaintiff to prepare and publish corrective advertising to ameliorate public confusion over the source of origin of Defendant's Products, all to Plaintiff's damage in a yet unascertained amount.

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment against the Defendant that it has:

   a. Committed and is committing acts of trademark infringement in violation of 15 U.S.C. §1114;

   b. Committed and is committing acts of false designation of origin in violation of 15 U.S.C. §1125(a);

   c. Committed and is committing acts of dilution in violation of 15 U.S.C. §1125(c);

   d. Committed and is committing acts of copyright infringement in violation of 17 U.S.C. §501;

   e. Committed and is committing acts of unfair competition in violation of California Business and Professions Code Section 17500;

   f. Committed and is committing acts of false advertising in violation of California Business and Professions Code Section 17500;

   g. Otherwise damaged and injured the business reputation and goodwill of the Plaintiff by its misconduct set forth in the Complaint;

2. That the Court issue injunctive relief against Defendant, enjoining Defendant from:

//

//

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**COMPLAINT**

a. Listing on the Amazon Marketplace—or any similar third party service—any goods under the description for Plaintiff's Products;

b. Infringing upon Plaintiff's Trademarks;

c. Infringing upon Plaintiff's Copyright;

d. Using any false designation of origin or false description that is likely to lead to consumer confusion between Defendant's Products on the one hand, and Plaintiff, Plaintiff's Products, and Plaintiff's Trademarks on the other hand;

3. That the Court order Defendant to pay Plaintiff's damages as follows:

a. Plaintiff's treble damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 15 U.S.C. §1117(b), or in the alternative, statutory damages of $1,000,000 per counterfeit mark per good, pursuant to 15 U.S.C. §1117(c)(2), for Defendant's willful infringement, false designation or origin, counterfeiting, and dilution of Plaintiff's Trademarks;

b. Plaintiff's treble damages (composed of Plaintiff's actual damages and Defendant's profits) in an amount to be determined according to proof pursuant to 17 U.S.C. §504(b), or in the alternative, statutory damages of $150,000 per violation, pursuant to 17 U.S.C. §504(c), for Defendant's willful infringement of Plaintiff's Copyright;

c. Plaintiff's damages and Defendant's profits pursuant to 15 U.S.C. §1125(c) for Defendant's dilution of Plaintiff's Trademarks and pursuant to California Bus. & Prof. C. §§17200 and 17500 for Defendant's unfair competition and false advertisements;

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

21

**COMPLAINT**

1

2

        d. Such other damages as the Court shall deem appropriate;

        e. Costs and reasonable attorneys' fees incurred by Plaintiff in prosecuting this action;

        f. Interest, including prejudgment interest, on the foregoing sums;

4. That the Court grant to Plaintiff such additional relief as is just and proper.

DATED: February 5, 2009      By: _____

                                Jeffrey M. Rosenfeld

             Attorneys for LD Products, Inc.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

22

**COMPLAINT**

1

## JURY DEMAND

2    Plaintiff hereby requests that this case be tried by a jury as to all

3    issues triable by a jury.

4

5    DATED: February 5, 2009

6    By: _____

7    Jeffrey M. Rosenfeld

8    Attorneys for LD Products, Inc.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

COMPLAINT

Exhibit A



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Feb 5 04:11:16 EST 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [_____] OR   Jump   to record: [_____]   **Record 2 out of 2**

| TARR Status | ASSIGN Status | TDR | TTAB Status |   *( Use the "Back" button of the Internet Browser to return to TESS)*

**LD**Products

| Word Mark | **LD PRODUCTS** |
|---|---|
| **Goods and Services** | IC 035. US 100 101 102. G & S: online retail store services featuring inkjets, laser toners, and computer related accessories, including paper, electronic media, and camera cards. FIRST USE: 20060600. FIRST USE IN COMMERCE: 20060600 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.15.13 - More than one polygon<br>26.15.21 - Polygons that are completely or partially shaded |
| **Trademark Search Facility Classification Code** | LETS-2 LD Two letters or combinations of multiples of two letters<br>SHAPES-COLORS-3-OR-MORE Design listing or lined for three or more colors<br>SHAPES-GEOMETRIC Geometric figures and solids including squares, rectangles, quadrilaterals and polygons |
| **Serial Number** | 77089175 |
| **Filing Date** | January 23, 2007 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 24, 2007 |
| **Registration Number** | 3306070 |
| **Registration Date** | October 9, 2007 |
| **Owner** | (REGISTRANT) LD Products, Inc. CORPORATION CALIFORNIA 2500 Grand Avenue Long Beach CALIFORNIA 90815 |
| **Attorney of Record** | Karl S. Kronenberger |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE PRODUCTS APART FROM THE MARK AS SHOWN |
| **Description of Mark** | The color(s) yellow, blue, pink and grey is/are claimed as a feature of the mark. The mark consists of the words "LD Products" to the right of 3 slightly overlapping hexagons. The top hexagon is blue, the bottom left hexagon is yellow, and the bottom right hexagon is pink. The word "LD" is dark grey, and the word "Products" is light grey. |
| **Type of Mark** | SERVICE MARK |

| | |
|---|---|
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST   FIRST DOC

PREV DOC   NEXT DOC   LAST DOC



**United States Patent and Trademark Office**

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Feb 5 04:11:16 EST 2009*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC

PREV DOC | NEXT DOC | LAST DOC

Logout   Please logout when you are done to release system resources allocated for you.

Start   List At: [        ] OR   Jump   to record: [        ]   **Record 1 out of 2**

TARR Status | ASSIGN Status | TDR | TTAB Status   *( Use the "Back" button of the Internet Browser to return to TESS)*

# LD Products

| | |
|---|---|
| **Word Mark** | LD PRODUCTS |
| **Goods and Services** | IC 002. US 006 011 016. G & S: Ink cartridges for printers and toner cartridges. FIRST USE: 20071000. FIRST USE IN COMMERCE: 20071000 |
| | IC 016. US 002 005 022 023 029 037 038 050. G & S: Photo paper for ink and laser jet printers. FIRST USE: 20071000. FIRST USE IN COMMERCE: 20071000 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Trademark Search Facility Classification Code** | LETS-2 LD Two letters or combinations of multiples of two letters |
| **Serial Number** | 77373406 |
| **Filing Date** | January 16, 2008 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 10, 2008 |
| **Registration Number** | 3492006 |
| **Registration Date** | August 26, 2008 |
| **Owner** | (REGISTRANT) LD Products, Inc. CORPORATION CALIFORNIA 2500 Grand Avenue Long Beach CALIFORNIA 90815 |
| **Attorney of Record** | Matthew M. Thomson |
| **Prior Registrations** | 3306069;3306070 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PRODUCTS" APART FROM THE MARK AS SHOWN |

**Type of Mark**     TRADEMARK
**Register**         PRINCIPAL
**Live/Dead
Indicator**          LIVE



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks** > **Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Feb 5 04:11:16 EST 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [____] OR  Jump  to record: [____]   **Record 35 out of 66**

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **LD** |
| **Goods and Services** | IC 035. US 100 101 102. G & S: online retail store services featuring inkjets, laser toners, and computer related accessories, including paper, electronic media, and camera cards. FIRST USE: 20060600. FIRST USE IN COMMERCE: 20060600 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 26.15.13 - More than one polygon<br>26.15.21 - Polygons that are completely or partially shaded |
| **Trademark Search Facility Classification Code** | LETS-2 LD Two letters or combinations of multiples of two letters<br>SHAPES-COLORS-3-OR-MORE Design listing or lined for three or more colors<br>SHAPES-GEOMETRIC Geometric figures and solids including squares, rectangles, quadrilaterals and polygons |
| **Serial Number** | 77089160 |
| **Filing Date** | January 23, 2007 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 24, 2007 |
| **Registration Number** | 3306069 |
| **Registration Date** | October 9, 2007 |
| **Owner** | (REGISTRANT) LD Products, Inc. CORPORATION CALIFORNIA 2500 Grand Avenue Long Beach CALIFORNIA 90815 |
| **Attorney of Record** | Karl S. Kronenberger |
| **Description of Mark** | The color(s) yellow, blue, pink and grey is/are claimed as a feature of the mark. The mark consists of of the word "LD" in dark grey lettering to the right of 3 slighly overlapping hexagons. The top hexagon is blue, the bottom left hexagon is yellow, and the bottom right hexagon is pink. |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |

**Live/Dead Indicator**          **LIVE**

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Feb 5 04:11:16 EST 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP | PREV LIST | CURR LIST | NEXT LIST | FIRST DOC |
| PREV DOC | NEXT DOC | LAST DOC |

Logout  Please logout when you are done to release system resources allocated for you.

Start  List At: [        ] OR  Jump  to record: [        ]  **Record 29 out of 66**

TARR Status | ASSIGN Status | TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

# LD

| | |
|---|---|
| **Word Mark** | LD |
| **Goods and Services** | IC 002. US 006 011 016. G & S: Ink cartridges for printers and toner cartridges. FIRST USE: 20071000. FIRST USE IN COMMERCE: 20071000 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Trademark Search Facility Classification Code** | LETS-2 LD Two letters or combinations of multiples of two letters SHAPES-MISC Miscellaneous shaped designs |
| **Serial Number** | 77373386 |
| **Filing Date** | January 16, 2008 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 10, 2008 |
| **Registration Number** | 3492005 |
| **Registration Date** | August 26, 2008 |
| **Owner** | (REGISTRANT) LD Products, Inc. CORPORATION CALIFORNIA 2500 Grand Avenue Long Beach CALIFORNIA 90815 |
| **Attorney of Record** | Matthew M. Thomson |
| **Prior Registrations** | 3306069;3306070 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP   PREV LIST   CURR LIST   NEXT LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

**Trademarks > Trademark Electronic Search System (TESS)**

*TESS was last updated on Thu Feb 5 04:11:16 EST 2009*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

Logout  Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status  *( Use the "Back" button of the Internet Browser to return to TESS)*

4INKJETS

| | |
|---|---|
| **Word Mark** | **4INKJETS** |
| **Goods and Services** | IC 035. US 100 101 102. G & S: online retail store services featuring inkjets, laser toners, and computer related accessories, including paper, electronic media, and camera cards. FIRST USE: 19991100. FIRST USE IN COMMERCE: 19991100 |
| **Standard Characters Claimed** | |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Serial Number** | 78461394 |
| **Filing Date** | August 3, 2004 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 28, 2005 |
| **Registration Number** | 2998115 |
| **Registration Date** | September 20, 2005 |
| **Owner** | (REGISTRANT) Leon, Aaron INDIVIDUAL UNITED STATES 7725 Somerset Blvd. Paramount CALIFORNIA 90723 |
| **Attorney of Record** | John Alumit |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL-2(F) |
| **Live/Dead Indicator** | LIVE |

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP

| HOME | SITE INDEX | SEARCH | eBUSINESS | HELP | PRIVACY POLICY

Exhibit B



| Help | Search | History | Titles | Start Over |
|------|--------|---------|--------|------------|

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = LD Products
Search Results: Displaying 2 of 3 entries



Labeled View

***http://www.4inkjets.com.***

**Type of Work:** Text
**Registration Number / Date:** TX0006523456 / 2006-05-22
**Title:** http://www.4inkjets.com.
**Notes:** Printouts included.
**Copyright Claimant:** LD Products, Inc.
**Date of Creation:** 2006
**Date of Publication:** 2006-04-28
**Copyright Note:** C.O. correspondence.
Cataloged from appl. only.
**Names:** LD Products, Inc.



| **Save, Print and Email (Help Page)** | |
|---|---|
| Select Download Format | Full Record | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |
Copyright Office Home Page  |  Library of Congress Home Page

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LD PRODUCTS, INC. a California corporation,<br><br>PLAINTIFF(S)<br><br>v.<br>SIMON MOYENZADEH, an individual, dba<br>COMPUTER BROS. dba ASSOCIATED<br>JEWELERS SERVICE, and Does 1-10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-00902 JFW (Ex)<br><br><br>SUMMONS |

TO:    DEFENDANT(S):  Simon Moyenzadeh dba Computer Bros dba Associated Jewelers Service

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Jeffrey M. Rosenfeld _____, whose address is Kronenberger Burgoyne LLP, 150 Post St., Ste 520, San Francisco, CA 94108 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____FEB -5 2009_____

By: _____
                            Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| LD PRODUCTS, INC. a California corporation, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV09-00902 JFW** |
| v.  SIMON MOYENZADEH, an individual, dba COMPUTER BROS. dba ASSOCIATED JEWELERS SERVICE, and Does 1-10, | |
| DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S):  <u>Simon Moyenzadeh dba Computer Bros dba Associated Jewelers Service</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>Jeffrey M. Rosenfeld</u>_____, whose address is <u>Kronenberger Burgoyne LLP, 150 Post St., Ste 520, San Francisco, CA 94108</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **FEB – 5 2009**

By:  **LA'REE HORN**
_____
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1192

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
LD PRODUCTS, INC. a California corporation.

**DEFENDANTS**
SIMON MOYENZADEH, an individual, dba COMPUTER BROS. dba ASSOCIATED JEWELERS SERVICE, and Does 1-10.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
KRONENBERGER BURGOYNE LLP, 150 Post St., Ste 520
San Francisco, CA 94108 (415) 955-1155

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding ☐2 Removed from State Court ☐3 Remanded from Appellate Court ☐4 Reinstated or Reopened ☐5 Transferred from another district (specify): ☐6 Multi-District Litigation ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT:** $ TBD at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement (15 U.S.C. §1114), False Designation of Origin (15 U.S.C. §1125), Copyright Infringement (17 U.S.C. §501)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: CV09-00902

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08) CIVIL COVER SHEET Page 1 of 2



## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  2/5/09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |